IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF: | : |
| | : |
| HILDA DIANE SINGLETARY, | : |
| | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| | : NO. 16-2098 |
| PNC BANK NATIONAL ASSOCIATION, | : |
| | : |
| | : |
| Defendant. | : |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                 **February 22, 2017**

**I.      BACKGROUND**

This case is an appeal from the United States Bankruptcy Court for the Eastern District of Pennsylvania. Appellee filed a motion to dismiss the appeal, which I will grant.

Several years ago, the Appellant, Hilda Singletary, filed adversary claims against the Appellee, PNC Bank National Association, in the United States Bankruptcy Court for the Eastern District of Pennsylvania. The Bankruptcy Court dismissed some of Appellant's claims. Appellant commenced this appeal on May 3, 2016, challenging the Bankruptcy Court's dismissal of those claims.

Appellant has been represented by counsel throughout the entirety of this appeal. This appeal was initiated by Quarleen Singletary (Appellant's mother) as next of friend on behalf of Appellant. Quarleen Singletary passed away on May 15, 2016.

Per the Clerk of Court's Notice dated June 2, 2016, Appellant was ordered to file its opening brief no later than July 5, 2016. (Doc. No. 3). The day Appellant's brief was due to be filed, Appellant filed a Motion to Place the Appeal in Suspense. (Doc. No. 4). Appellant's Motion to Place the Appeal in Suspense sought a 90-day extension "pending the appointment of a personal representative for [Appellant]" in light of Quarleen Singletary's death. (Id.) The Motion also claimed Appellant was "incompetent as the result of numerous mental and emotional disabilities." (Id. at 1).[1]

On July 7, 2016, I granted Appellant's Motion to Place the Appeal in Suspense. I ordered counsel for Appellant to "inform the court of the status of designation of a representative for Hilda Singletary on or before **Tuesday, October 4, 2016**." (Doc. No. 5) (emphasis in original). Counsel for Appellant failed to comply with this Order. Counsel for Appellant did not inform the court of the status of designation of a representative for Hilda Singletary on or before October 4, 2016. Indeed, counsel for Appellant has not done so to this day.

Two weeks after Appellant was required to inform the court of Appellant's status, Appellee filed a Motion to Dismiss the appeal for failure to prosecute. Counsel for Appellant never filed a response to the Motion to Dismiss. Nor did counsel for Appellant file any motion for extension of time to file a response. On November 18, 2016, I held a telephone conference with counsel concerning the Motion to Dismiss.

---

[1] While Appellee has assumed that Appellant is in fact incompetent, Appellant has not produced any documentation (such as a court order, medical records, or any other statement) confirming that Appellant is incompetent.

During the telephone conference, I allowed counsel the opportunity to file supplemental briefing on the pending Motion to Dismiss. On December 9, 2016, Appellee filed a brief in further support of its Motion to Dismiss. Counsel for Appellant never filed a brief.

## II.   LEGAL STANDARD

In the exercise of discretion, district courts may dismiss bankruptcy appeals for failure to prosecute or otherwise follows procedures. E.g., In re Equivest St. Thomas, Inc., 537 F. App'x 124 (3d Cir. 2013); In re Buccolo, 308 F. App'x 574 (3d Cir. 2009). In assessing whether dismissal for failure to prosecute is proper, district courts consider several factors. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Id.

"[N]ot all of the Poulis factors need be satisfied in order to dismiss a complaint." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992). "Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

## III.   DISCUSSION

Appellee urges dismissal of this appeal based on Appellant's failure to prosecute. For the reasons that follow, I agree with Appellee and will dismiss the appeal.

### A. <u>Poulis Factors</u>

The <u>Poulis</u> factors favor dismissal of this appeal.

My July 7, 2016 Order unambiguously ordered counsel for Appellant to "inform the court of the status of designation of a representative for Hilda Singletary on or before **Tuesday, October 4, 2016**." (Doc. No. 5 ¶ 2) (emphasis in original). October 4, 2016 came and went, but counsel for Appellant did nothing to inform the court as to the status of designating a representative. Even worse, counsel for Appellant has done nothing in the months since October 4, 2016 to inform the court of the same. Nor has counsel filed an opening brief (despite obtaining a 90-day extension to do so) or a response to the Motion to Dismiss.

The above conduct weighs heavily in favor of dismissal under the third and fourth <u>Poulis</u> factors. Appellant's counsel's failure to respond to the motion to dismiss, violation of a Court Order, and failure to file a response to the motion to dismiss certainly evidences a history of dilatoriness. <u>Poulis</u>, 747 F.2d at 868; <u>see also</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) (noting that district court judges possess discretion to dismiss cases where the litigants "violate or ignore court orders"). Counsel for Appellant has known for almost a full year that Appellant's mother passed away. Counsel has had nearly one year to appoint another representative on behalf of Appellant (or, at the very least, inform the court of the status of his efforts to do so). Counsel for Appellant has failed to do any of this.

This conduct also shows willfulness or bad faith. While I am certainly sympathetic to the plight of Appellant, and the unfortunate death of her mother, this does not change

4

the fact that Appellant's counsel has had ample time to seek appointment of another representative for Appellant. Appellant's counsel was aware of his obligation pursuant to my July 7, 2016 Order. Despite his awareness, for whatever reason, Appellant's counsel did not comply with the Order. Knowing of a Court Order, and failing to comply with it, is undoubtedly willful conduct.[2]

The second <u>Poulis</u> factor—prejudice—is also relevant here. Appellant has been in default on her mortgage since 2008. (Doc. No. 6-5 at Ex. A, Schedule to Amended Proof of Claim). The pendency of this appeal prevents Appellee from moving forward in the underlying bankruptcy case. Indeed, both Appellant and Appellee alike are prejudiced by the delay in finality of the underlying bankruptcy case.

The meritoriousness of Appellant's claim is also relevant in determining whether dismissal is proper. <u>Poulis</u>, 747 F.2d at 868. Here, Appellant's claim appears to lack any merit. This is because it is impossible to determine what Appellant's claim is since Appellant's counsel has not filed a single document, brief, or memorandum in support of the appeal. Simply put, we are nearly one year into the pendency of this appeal and there is absolutely no indication of what the basis for the appeal is. Consequently, it cannot be said that the appeal has any merit.

Finally, sanctions other than dismissal seem improper here in that it would be unjust to award fees or impose a monetary fine given the nature of this case. In this case,

---

[2] The Order did not even require counsel to have a representative appointed. Per the Order, counsel merely had to inform the Court of Appellant's representative status. This could have easily been accomplished by a simple letter, brief, or telephone call to chambers. Despite the flexibility and easiness by which the Order could have been followed, counsel did not make even a minimal effort to comply with it. Nor has he made any effort since.

I have also weighed Appellant's personal responsibility. While it could be argued she has limited personal responsibility, this does not outweigh the other Poulis factors, all of which weigh heavily in favor of dismissal.

    **B.**    **Appointment of Representative**

Counsel for Appellant has not raised the issue of a district court's duty to appoint a representative for an incompetent party. Nonetheless, in the interests of justice and fairness, I will address this issue.

Under Federal Rule of Civil Procedure 17, district courts have an obligation to issue an appropriate order "to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). However, this obligation is not absolutely triggered in every case. Indeed, "[a] court is not required to conduct a *sua sponte* determination whether an unrepresented litigant is incompetent unless there is some verifiable evidence of incompetence." Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012).

In Powell v. Symons, the U.S. Court of Appeals for the Third Circuit addressed the contours of Rule 17(c)(2) for the first time. 680 F.3d at 303. In doing so, the Third Circuit held that a district court need not inquire into a litigant's capacity to sue or be sued under Rule 17(c) in every case. Powell, 680 F.3d at 307. The duty to inquire under Rule 17(c) is only triggered if there is "verifiable evidence of incompetence." Id.

Verifiable evidence of incompetence may include documentation from state agencies, prior court orders, prior incompetency adjudications, or medical records. Id. at 307–08.[3]

Here, there is no evidence—let alone "verifiable" evidence—of Appellant's incompetence. There are no medical records. There are no prior adjudications of incompetence. There are no court orders. Nor are there any statements from any state agencies as to Appellant's mental state. While I am mindful of the potential difficulty in obtaining such information, counsel for Appellant has had many months to do so. Without any verifiable evidence of incompetence, I am not required to consider my obligation to appoint a guardian pursuant to Rule 17(c).[4]

## IV.   CONCLUSION

For all the foregoing reasons, Appellee's Motion to Dismiss for lack of prosecution is granted.

An appropriate Order follows.

---

[3] It is important to note that Powell dealt with *pro se* litigants. In that context, the court was wary of the *pro se* litigants' potential difficulty in marshaling evidence of their own incompetence. The situation in Powell is much different than here, where Appellant is actually represented by a licensed attorney. This attorney, unlike *pro se* litigants, has the resources and wherewithal to track down the evidence and documentation needed to make a showing of incompetence.

[4] With that said, it is not entirely clear whether Rule 17(c) even applies here since Appellant is represented by counsel. See Powell, 680 F.3d at 303 (noting that a district court's inquiry under Rule 17(c)(2) is whether it should "appoint counsel *or* some representative") (emphasis added). In sum, Powell appears to hold that a district court's obligation under Rule 17(c)(2) is satisfied by appointment of counsel. Id.